# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0751V

|  |  |
|---|---|
| BRANDON FARRIS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 23, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 15, 2021, Brandon Farris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") as a result of an influenza vaccine that was administered on January 31, 2019. Petition at 1. On April 16, 2024, I issued a decision awarding damages following briefing and expedited Motions Day argument by the parties. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $56,760.98 (representing $53,724.80 for fees and $3,036.18 for costs). Petitioner's Application for Fees and Costs filed Oct. 21, 2024, ECF No. 49. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on October 29, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 50.

On October 30, 2024, Petitioner filed a reply, criticizing Respondent's lack of a specific response to his motion and reiterating that she is entitled to an award of attorney's fees and costs. Petitioner's Reply to Respondent's Response to Petitioner's Application for Fee and Costs. ECF No. 51. Petitioner insists that "Petitioner's counsel has accurately recorded the time spent on this case and has filed receipts for documenting the litigation expenses incurred." *Id.* at 1.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum.*

*Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, a few of the tasks performed by Mr. Williams (an associate attorney at the firm) are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $335.30.[4]**

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive – although not egregiously so. *See* Petitioner's Brief on Damages, filed Jan. 3, 2023, ECF No. 31; Petitioner's Reply to Respondent's Brief on Damages, filed Mar. 20, 2023, ECF No. 33; Minute Entry, dated Apr. 16, 2024 (regarding Expedited Motions Day Hearing on March 28, 2024). Petitioner's counsel expended approximately 17.8 hours drafting the damages briefing and 18.5 hours drafting a reply damages brief, totaling 36.3[5] hours. ECF No. 49-1 at 10.

---

[3] These entries, drafting basic documents such as an exhibit list, notice of filings, statement of completion, PAR Questionnaire, joint notice not to seek review, and election to accept judgment are dated as follows: 4/22/21 (two entries), 4/23/21, 11/4/21, 1/3/23, 4/19/24, and 5/1/24. ECF No. 49-1 at 5-6, 10, 13.

[4] This amount consists of ($325 - $172) x 1.4 hrs.+ ($358 - $186) x 0.2 hrs.+ ($486 - $197) x 0.3. hrs. = $335.30.

[5] This total is calculated as follows: 14.5 hours billed on 12/28/22, 12/29/22, and 12/30/22, by Christopher Williams, at a rate of $341; and 21.8 hours billed on 1/3/23, 3/6/23, 3/9/23, 3/16/23, and 3/20/23, by Christopher Williams, at a rate of $358.

My above calculation does not include time spent preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. ECF No. 49-1 at 6-9. Nor am I counting time spent communicating with Petitioner, preparing additional supporting documentation such as affidavits or signed declarations, and participating the expedited motions day hearing, which is also being awarded in full. *See,* e.g., *id.* at 10, 12 (entries dated 3/21/23, 3/27/24, and 3/28/24).

It is unreasonable for counsel to spend so much time briefing, even the matter of damages in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[6] in which attorneys have accomplished this task in about half the time.[7]

Of course, having prevailed in this case, a fees award is generally appropriate. ECF No. 42. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement damages briefing (**a total**

---

[6] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[7] *See,* e.g., *O'Donnell v. Sec'y of Health & Hum. Servs.*, No. 21-1508V (Nov. 22, 2024) (15.9 and 6.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Feitel v. Sec'y of Health & Hum. Servs.*, No. 21-1370V May 6, 2024) (14.7 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hobbs v. Sec'y of Health & Hum. Servs.*, No. 21-1442V (Apr. 9, 2024) (18.0 and 4.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Poteet v. Sec'y of Health & Hum. Servs.*, No. 20-1295V (Apr. 1, 2024) (19.4 and 12.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Vallee v. Sec'y of Health & Hum. Servs.*, No. 20-1381V (Mar. 26, 2024) (7.1 and 4.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Staffaroni v. Sec'y of Health & Hum. Servs.*, No. 21-1951V (Nov. 2, 2023) (19.2 and 5.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Granville v. Sec'y of Health & Hum. Servs.*, No. 21-2098V (Oct. 25, 2023) (16.4 and 6.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Schenck v. Sec'y of Health & Hum. Servs.*, No. 21-1768V (Oct. 20, 2023) (8.0 and 3.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Weil v. Sec'y of Health & Hum. Servs.*, No. 21-0831V (Oct. 20, 2023) (14.5 and 1.5 hours billed for drafting a damages brief and reviewing Respondent's responsive damages brief, respectively); *Hernandez v. Sec'y of Health & Hum. Servs.,* No. 21-1572V (July 21, 2023) (14.7 hours billed for drafting a damages brief); *Miles v. Sec'y of Health & Hum. Servs.*, No. 20-0146V (July 20, 2023) (16.4 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Merchant v. Sec'y of Health & Hum. Servs.,* No. 20-0450V (July 12, 2023) (15.5 and 2.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Elenteny v. Sec'y of Health & Hum. Servs.*, No. 19-1972V (May 31, 2023) (16.7 hours billed for drafting a damages brief); *Miller v. Sec'y of Health & Hum. Servs.,* No. 21-1559V (May 30, 2023) (17.5 and 4.5 hours billed for drafting a damages brief and responsive damages brief, respectively). These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 7, 2024).

**of 36.3 hours, or $12,748.90)** by *twenty percent.*[8] Such an across-the-board reduction (which I am empowered to adopt)[9] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,549.78.**[10]

### ATTORNEY COSTS

Petitioner requests $3,036.18 in overall costs and has provided receipts for all expenses. ECF No. 49-2. I have reviewed the requested costs and find them to be reasonable. And Respondent offered no specific objection to the rates or amounts sought.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$53,875.90 (representing $50,839.72 for fees and $3,036.18 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

                                                                                              **s/Brian H. Corcoran**
                                                                                              Brian H. Corcoran
                                                                                              Chief Special Master

---

[8] Because the amount of excessive hours was not as egregious as in previous cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Callejas v. Sec'y of Health & Hum. Servs.,* No. 20-1767V, 2023 WL 9288086 (Fed. Cl. Spec. Mstr. Oct. 24, 2023).

[9] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[10] This amount is calculated as follows: (14.5 hrs. x $341 x ,20) + (21.8 hrs. x $358 x .20) = $2,549.78.

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.